# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                   **No. 16 CR 1982 JAP**

**JESUS RODRIGUEZ,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

On March 22, 2017, Defendant Jesus Rodriguez (Defendant) pled guilty to a one-count indictment charging him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Defendant now objects to the determination in his Presentence Report (PSR) that his sentence should be enhanced under the Armed Career Criminal Act (ACCA), 18 U.S.C § 924(e). *See* DEFENDANT'S OBJECTIONS TO THE PRESENTENCE REPORT (Doc. No. 47) (Objections). The United States has responded to the Objections. UNITED STATES' RESPONSE TO THE PRESENTENCE REPORT AND TO DEFENDANT'S OBJECTIONS TO THE PRESENTENCE REPORT (Doc. No. 50) (Response). The Court concludes that the United States Probation Office (USPO) correctly calculated an enhanced sentence under the ACCA in the PSR and the Court will overrule Defendant's Objections.

### I.    BACKGROUND

Although an offense under § 922(g)(1) is generally subject to a statutory maximum sentence of ten years, *see* 18 U.S.C § 924(a)(2), the ACCA will increase that penalty to a statutory minimum sentence of fifteen years if the offender has three prior convictions for a

violent felony, a serious drug offense, or both, that were committed on different occasions. 18 U.S.C § 924(e)(1). A "violent felony" for purposes of the ACCA includes, in relevant part, "any crime punishable by imprisonment for a term exceeding one year . . . that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another[.]" 18 U.S.C § 924(e)(2)(B). "[I]n the context of a statutory definition of 'violent felony,' the phrase 'physical force' means violent force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010).

The inquiry into whether a prior offense qualifies as a violent felony ignores the facts of the defendant's conduct and considers only the legal definition of the crime. *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). Because the Court examines only the elements necessarily involved in an offense, it presumes that the conviction rests upon the least culpable acts criminalized. *United States v. Harris*, 844 F.3d 1260, 1264 (10th Cir. 2017). "[S]uch conduct only includes that in which there is a 'realistic probability, not a theoretical possibility' the state statute would apply." *Id.* (quoting *Moncrieffe v. Holder*, 569 U.S. 184, 133 S.Ct. 1678, 1685 (2013)).

The USPO deemed Defendant subject to the ACCA based on three prior New Mexico felony convictions, one for aggravated assault with a deadly weapon and two for aggravated battery against a household member. Resp. at 5–7. Defendant does not challenge the determination that the aggravated assault is an appropriate predicate offense for the ACCA enhancement. However, Defendant contends that his prior aggravated battery convictions do not meet the ACCA's definition of a violent felony because they do not require violent physical force. *See* Objections at 5–6.

## II. DISCUSSION

"Aggravated battery against a household member consists of the unlawful touching or application of force to the person of a household member with intent to injure that person or another." NMSA 1978, § 30-3-16(A). When this aggravated battery inflicts great bodily harm or is committed with a deadly weapon or "in any manner whereby great bodily harm or death can be inflicted" the offense is a felony. NMSA 1978, § 30-3-16(C). The parties agree that Defendant was convicted of felony aggravated battery based on great bodily harm. Nevertheless, Defendant argues that the offense does not have as an element the use, attempted use, or threatened use of violent physical force against the person of another.

Aggravated battery may be committed in New Mexico by unlawful touching or an application of force that amounts to only the slightest touch. *See Vasquez v. United States*, No. 16-cv-678 (D.N.M. Jan. 10, 2017). Defendant contends that a slight touch might result in great bodily harm, such as when poison is applied to lips with a finger. He asserts that such minimal contact would fulfill the statutory requirements of felony aggravated battery without necessarily involving even a threat of violent physical force.

Defendant relies on *United States v. Perez-Vargas*, 414 f.3d 1282 (10th Cir. 2005), in which the Tenth Circuit Court of Appeals held that a Colorado assault statute, applicable when a defendant caused bodily injury, did not include a crime of violence because the statute did not have an element of force. The Tenth Circuit reasoned that the statute focused only on the consequences of the defendant's conduct, regardless of the means used to achieve the resulting injury, while a "crime of violence" under the Sentencing Guidelines was limited to conduct involving physical force. *Perez-Vargas* listed "recklessly shooting a gun in the air to celebrate, intentionally placing a barrier in front of a car causing an accident, or intentionally exposing

someone to hazardous chemicals" as examples of assaults that would cause bodily injury without the use or threat of physical force.

Defendant further cites to *United States v. Rodriguez-Enriquez*, 518 F.3d 1191 (10th Cir. 2008), which held that surreptitiously drugging a victim did not require the use of physical force. This holding was recently reaffirmed in *United States v. Hammons*, 862 F.3d 1052 (10th Cir. 2017), which differentiated an Oklahoma statute that required the discharge of a weapon, an action characterized as necessitating kinetic, physical force, from the passive act of exposing a victim to hazardous chemicals or poison.

These cases might suggest that § 30-3-16(C) would not be a violent felony for purposes of the ACCA if an aggravated battery resulting in great bodily harm could be committed by a non-forceful touch, such as the administration of poison. However, the statutes at issue in *Perez-Vargas* and *Rodriguez-Enriquez* did not require any unlawful touch or application of force, even slight, so they do not control the Court's analysis of § 30-3-16(C). Defendant notes that New Mexico interprets the "application of force" broadly, so as to apply to "the situation in which the defendant does not touch the victim himself, but instead, sets in motion a series of physical events ultimately resulting in the application of force to the victim." *State v. Wynn*, 2001-NMCA-020, ¶ 2, 24 P.3d 816 (shooting of window pane that fractured with victim cut by piece of glass). Defendant argues that this interpretation would allow an aggravated battery to be committed without any contact between perpetrator and victim. He asserts that § 30-3-16(C) is therefore not a violent felony because it would apply to actions, such as the surreptitious administration of poison, that the Tenth Circuit has held do not require physical force.

Because resolution of the issue depends upon an interpretation of state law, Defendant asks the Court to certify the question to the New Mexico Supreme Court. *See* DEFENDANT'S

REPLY IN SUPPORT OF OBJECTIONS TO THE PRESENTENCE REPORT (Doc. No. 54); NOTICE OF DEFENDANT'S PROPOSED QUESTION FOR CERTIFICATION TO THE NEW MEXICO SUPREME COURT (Doc. No. 59); REPLY IN SUPPORT OF DEFENDANT'S PROPOSED QUESTION FOR CERTIFICATION TO THE NEW MEXICO SUPREME COURT (Doc. No. 63). The United States opposes the certification. *See* UNITED STATES' OBJECTION TO CERTIFICATION OF STATE QUESTION (Doc. No. 62); UNITED STATES' SUR-REPLY TO DEFENDANT'S REPLY IN SUPPORT OF CERTIFICATION (Doc. No. 67).

The United States maintains that certification is not necessary because § 30-3-16(C) requires at least a threat of violent physical force, and therefore the PSR correctly applies the ACCA to enhance Defendant's sentence. The United States acknowledges that § 30-3-16 may apply to a slight touch, but argues that any touch or application of force that is intended to injure and that is committed in a manner that may result in, or actually does result in, great bodily harm must contain as an element at least the threatened use of violent physical force.

In *United States v. Treto-Martinez*, 421 F.3d 1156, 1158 (10th Cir. 2005), the Tenth Circuit Court of Appeals examined a Kansas aggravated battery offense that criminalized intentional physical contact with a deadly weapon or in a manner that could inflict great bodily harm. The Court of Appeals held that this was a crime of violence because all intentional physical contact that can inflict great bodily harm involves at least the threatened use of physical force. *Id.* at 1160. The Court also concluded that the other provision of the statute, which prohibited "intentionally causing bodily harm to another person with a deadly weapon, or in any manner whereby great bodily harm, disfigurement or death can be inflicted" required physical force, although the parties did not dispute this point. *Id.* at 1158–59.

5

*Treto-Martinez* suggests that Defendant's offense is a crime of violence. Even a slight touch with intent to injure that inflicts great bodily harm or is committed "in any manner whereby great bodily harm or death can be inflicted" necessarily involves intentional physical contact in a manner that can cause great bodily harm. "No matter what the instrumentality of the contact, if the statute is violated by contact that can inflict great bodily harm, disfigurement or death, it seems clear that, at the very least, the statute contains as an element the 'threatened use of physical force.'" *Id.* at 1160.

Other cases in the District of New Mexico provide support for a similar interpretation of New Mexico's aggravated battery offense. In *United States v. Pacheco*, No. 16-cv-341 (D.N.M. June 1, 2017), District Judge William Johnson found that aggravated battery against a household member under § 30-3-16(C) "requires more than an offensive touch; it requires touching 'in any manner whereby great bodily harm or death can be inflicted.'" Accordingly, Judge Johnson concluded that the offense is a violent felony under the ACCA because such contact necessarily involves the threat of violent physical force.

In *United States v. Dean*, No. 16-cv-289 (D.N.M. May 3, 2017), Judge Johnson similarly rejected the defendant's contention that felony aggravated battery under N.M.S.A. 1978, § 30-3-5(C) did not satisfy the ACCA. The defendant had asserted that no violent physical force was required because the statute applied to unlawful contact made "in any manner whereby great bodily harm or death can be inflicted." § 30-3-5(C). Judge Johnson found that this statutory language sufficiently tracked the language used by the Supreme Court in *Johnson*, which described physical force under the ACCA as force that was "capable of causing physical pain or injury to another person." 559 U.S. at 140.

Defendant argues that the Kansas statute involved in *Treto-Martinez* requires physical contact, while § 30-3-16 does not. The Court disagrees. The statute analyzed in *Treto-Martinez* applied to physical contact with a deadly weapon, or to harm caused by a deadly weapon or in any other manner in which great bodily harm can be inflicted, not only to direct contact between victim and perpetrator. Similarly, New Mexico's aggravated battery statute still requires force to be applied, even if indirectly, so that some contact with the victim in a manner that can or does inflict great bodily harm must still be made. *See State v. Ortega*, 1992-NMCA-003, 827 P.2d 152 (touching is essential to the offense of battery, but can include touching a closely associated object, need not be direct contact between perpetrator and victim).

The discussion of indirect force in *Wynn* does not alter this interpretation. The *Wynn* Court was addressing the firing of a gun, where the defendant touched the trigger but not the victim, and the breaking of a window behind which the victim was standing and was cut by a shard of glass. This type of indirect force still falls within the ACCA's definition of physical force. *Wynn* did not apply New Mexico's aggravated battery statute to more attenuated circumstances involving no force at all. And Defendant has provided no other support for his theory that the application of force does not necessarily involve forceful contact with the victim.

The Court therefore concludes that certification of the question to the New Mexico Supreme Court is not necessary because § 30-3-16(C) does have as an element the use, attempted use, or threatened use of physical force against the person of another.

IT IS ORDERED that Defendant's proposed certification is DENIED and Defendant's Objections to his PSR are overruled.

_____
SENIOR UNITED STATES DISTRICT JUDGE