IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.   No. 16-cr-1982-JCH

JESUS RODRIGUEZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Jesus Rodriguez's *Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A)(i)* **(ECF No. 102)**. The United States filed a response **(ECF No. 105)** and Defendant replied **(ECF No. 106).** Having considered the motion, briefs, evidence, arguments, applicable law, and otherwise being fully advised, the Court concludes that the motion should be denied.

    **I.**    **BACKGROUND**

On March 22, 2017, Defendant pled guilty to one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g) and 924. *See* Presentence Investigation Rep. ¶ 3, ECF No. 43. Pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), Defendant was assessed as an Armed Career Criminal because he had at least three prior convictions for crimes of violence, including New Mexico Aggravated Assault Against a Household Member (Deadly Weapon). *See id.* ¶ 10. Based on the application of ACCA at the time of Defendant's sentencing, Defendant was subject to the 15-year mandatory minimum. *See* 18 U.S.C. § 924(e)(1). The Court

imposed the 15-year statutory minimum sentence on September 7, 2017. *See* J. in Crim. Case 2, ECF No. 71. The Tenth Circuit affirmed the sentence on February 13, 2018, *see United States v. Rodriguez*, 711 Fed. App'x 486, 487 (10th Cir. Feb. 13, 2018), and the Supreme Court of the United States denied a writ of certiorari on October 1, 2018, *see Rodriguez v. United States*, 586 U.S. 834 (2018) (No. 17-8881).

On March 5, 2020, Defendant filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, seeking relief under *Johnson v. United States*, 576 U.S. 591 (2015). *See* Mot. to Vacate, ECF No. 87. In the motion, Defendant argued that his prior aggravated battery convictions did not qualify as prior violent offenses for purposes of ACCA. *See id.* The Court disagreed and denied Defendant's motion. *See* Mem. Op. & Order 12, ECF No. 89.

In 2021, the Supreme Court of the United States issued the *Borden* decision which held that an offense with a mens rea of recklessness could not qualify as a violent felony under ACCA. *See Borden v. United States*, 593 U.S. 420, 429 (2021). Since then, the Government has conceded that Defendant's prior conviction for New Mexico Aggravated Assault Against a Household Member (Deadly Weapon) no longer qualifies as a violent felony under ACCA. Accordingly, Defendant would not be subject to the 15-year mandatory minimum sentence if he were sentenced today.

In the present motion, Defendant argues that the change in the law following *Borden*—resulting in Defendant serving a sentence that he could not receive today—combined with Defendant's substantial efforts at rehabilitation, constitute extraordinary and compelling reasons supporting a sentence reduction. The Government disagrees, arguing that Defendant's motion should be construed as a second or successive § 2255 petition and that this Court therefore lacks the jurisdiction to grant the requested relief. This Court agrees with the Defendant that this motion

should not be construed as a second or successive § 2255 petition. However, the Court does not find that a sentence reduction is warranted by extraordinary or compelling reasons.

## II.    RELEVANT LAW

Federal courts are generally forbidden from modifying a term of imprisonment once it has been imposed, subject to a few narrow exceptions. *See Freeman v. United States*, 564 U.S. 522, 526 (2011). 18 U.S.C. § 3582(c)(1)(A), commonly termed compassionate release, provides one such exception. A district court may reduce a defendant's sentence if (1) extraordinary and compelling reasons warrant the reduction; (2) the sentence reduction reflects applicable policy statements issued by the Sentencing Commission; and (3) the reduction fits the district court's consideration of the 18 U.S.C. § 3553(a) factors. *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021); *United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021). A court may deny compassionate release motions when one of the three *McGee* steps is lacking without addressing the others. *See McGee*, 992 F.3d at 1043.

A defendant may move to modify a term of imprisonment with a district court pursuant to § 3582(c)(1)(A) only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf *or* the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A) (emphasis added). The burden to prove exhaustion belongs to the defendant. *See United States v. Hemmelgarn*, 15 F.4th 1027, 1029-30 (10th Cir. 2021) ("[The defendant] has failed to provide proof that he exhausted his administrative rights as is required under § 3582(c)(1)(A).").

But § 3582(c)(1)(A)'s exhaustion requirement is not a jurisdictional rule. *See id.* at 1030-31. Rather, the requirement is a mandatory claim-processing rule. *See id.* at 1031. As a result, the

3

government can waive or forfeit an exhaustion challenge to a motion for compassionate release. *See id.*

### III. DISCUSSION

#### A. Jurisdiction

First, this Court must determine whether Defendant's motion should be construed as a true motion for compassionate release, or a second or successive § 2255 petition, as the Government contends. The Tenth Circuit has recognized that "[i]t is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion." *United States v. Wesley*, 60 F.4th 1277, 1288 (10th Cir. 2023) (alteration in original) (quoting *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006)). Section 2255 allows a prisoner to "move the court which imposed the sentence to vacate, set aside or correct the sentence," if the prisoner claims the sentence was imposed in violation of the Constitution or laws of the United States or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). A § 2255 motion must be brought within one year of certain triggering events, such as the conviction becoming final, or the discovery of supporting evidence. § 2255(f). If the prisoner has previously brought a § 2255 motion, any later § 2255 motion attacking the same conviction is considered a second or successive § 2255 petition and must be limited to claims based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

§ 2255(h). Additionally, in order to file a second or successive § 2255 motion, the petitioner must first move the court of appeals for a certificate of appealability authorizing the district court to hear the motion. *See United States v. Harper*, 545 F.3d 1230, 1232 (10th Cir. 2008).

Here, the Government contends that despite being titled a motion for compassionate release, Defendant's motion is actually a second or successive § 2255 petition because it is based on claims governed by § 2255. And because Defendant did not move for a certificate of appealability from the Tenth Circuit, the Government asserts that this Court is not authorized to hear the motion. The Government points to *United States v. Wesley*, 60 F.4th 1277 (10th Cir. 2023), in support of its position. In that case, the defendant filed a motion for compassionate release on the grounds that he had been convicted and sentenced in an unconstitutional proceeding because of alleged prosecutorial misconduct. *See id.* at 1280-81. The Tenth Circuit held that § 2255 applied to the petitioner's claim despite the fact that the motion was titled a motion for compassionate release. *See id.* at 1286. It reasoned that if the petitioner's claim of prosecutorial misconduct were true, it meant that "the sentence was imposed in violation of the Constitution or laws of the United States," a claim squarely covered by § 2255. *See id.* at 1288.

The Government argues that like in *Wesley*, Defendant's claim regarding the change in law post-*Borden* should be governed by § 2255. Because this would be Defendant's second time bringing a claim governed by § 2255, and because Defendant's claim is not one of the claims permitted in a second or successive § 2255 petition, the Government asserts that the request must be denied.

Notably, however, the Government does not explain why Defendant's change-in-law claim should be governed by § 2255—just that it is. This Court agrees with Defendant that the claim here is not one that is governed by § 2255. A few different cases guide the Court to that conclusion,

5

starting with *United States v. Maumau*, 993 F.3d 821 (10th Cir. 2021). The defendant in *Maumau* filed a motion for compassionate release, arguing that extraordinary and compelling reasons based on a change in law following the enactment of the First Step Act of 2018, justified a reduction in his sentence. *See id.* at 824. The Tenth Circuit affirmed the district court's decision to grant the defendant's motion, accepting the argument that a change in law resulting in more lenient sentencing provisions is a fact that can be considered when determining what are extraordinary and compelling reasons. *See id.* at 837. Then, in *United States v. Maxwell*, the Tenth Circuit stated that the argument that a defendant "would have been sentenced differently today because Congress 'made the relevant sentencing provisions more lenient,'" was not a request for relief under § 2255. No. 23-5068, 2023 WL 8109696 at *1 n.1 (10th Cir. Nov. 22, 2023). Rather, the Court recognized the validity of change-in-law arguments in motions for compassionate release, citing *Maumau*. *See id.* And finally, in *United States v. Robinson*, the Tenth Circuit again recognized that a claim that someone would have been sentenced differently today because Congress made the relevant sentencing provisions more lenient was not governed by § 2255. *See* No. 21-7065, 2023 WL 5607511 at *3 (10th Cir. Aug. 30, 2023). A request for relief based on a change in law is not inherently based on the argument that the initial sentence was imposed erroneously, in violation of the Constitution or laws of the United States, or otherwise subject to collateral attack, like a claim of prosecutorial misconduct, for example. *See Wesley*, 60 F.4th at 1288; *Robinson*, 2023 WL 5607511, at *3; *Maxwell*, 2023 WL 8109696, at *1 n.1. Rather, a request for relief based on a change in law highlights a disparity in sentencing that the change in law has since created.

    Here, Defendant does not claim that his original sentence was imposed erroneously or in violation of the Constitution or laws of the United States. Defendant's argument is more akin to the argument in *Maxwell*—where a change in law made it so the defendant would have received a

6

more lenient sentence had he been sentenced after the change. Accordingly, Defendant's motion is not a second or successive § 2255 petition and can be properly construed as a motion for compassionate release.

### B. Administrative Exhaustion

Before this Court can consider the merits of Defendant's motion, Defendant must prove that he has exhausted his administrative remedies. Defendant asserts that he requested that the warden of USP Tucson move the Court for a reduction of sentence under § 3582(c)(1)(A)(i) on or about November 15, 2022. *See* Def.'s Mot., Ex. 1, ECF No. 102-1 To Defendant's knowledge, the warden did not respond. *See id.* at 6-7. The Government does not challenge any aspect of exhaustion. Accordingly, the Court finds that Defendant has exhausted his administrative rights.

### C. Consideration of Merits

Defendant argues that extraordinary and compelling reasons justify a reduction in his sentence. He points to the change in law that occurred post-*Borden*, arguing that his 15-year sentence is a severe sentence, considering the 77-96 month sentencing range he would have faced had the ACCA enhancement not been applied during his sentencing. While the Tenth Circuit has held that district courts may consider changes in the law as an extraordinary and compelling reason, changes in the law cannot alone serve as the basis for sentence reductions under § 3582(c)(1)(A)(i). *See United States v. McGee*, 992 F.3d 1035, 1048 (10th Cir. 2021); *United States v. Maumau*, 993 F.3d 821, 837 (10th Cir. 2021). Rather, only the combination of such a sentence and a defendant's unique circumstances can constitute extraordinary and compelling reasons for purposes of § 3582(c)(1)(A)(i). *See McGee*, 992 F.3d at 1048; *Maumau*, 993 F.3d at 837. Accordingly, Defendant also argues throughout his motion that he has made substantial efforts at rehabilitation. For example, Defendant is enrolled in the Medication Assisted Treatment program at USP Tucson,

he receives psychological counseling, he has completed drug education, he was previously employed full-time as an inmate medical companion for a wheelchair-bound inmate and as an orderly, he has been a barber for over five years, he has completed a variety of classes including an anger management class, and he has not had any incident reports in the last six months. Def.'s Mot. 21-22, ECF No. 102. While Defendant's efforts are certainly commendable, the Court does not find that these efforts are so unique as to constitute an extraordinary or compelling reason warranting a sentence reduction when viewed in conjunction with the post-*Borden* change in law. And because Defendant does not satisfy one of the three *McGee* steps, he is not entitled to compassionate release under § 3582(c)(1)(A). *See McGee*, 992 F.3d at 1043.

However, even if Defendant could show extraordinary and compelling reasons for a sentence reduction, his motion would be denied after consideration of the 18 U.S.C. § 3553(a) factors. *See id.* Pursuant to § 3553(a), courts shall consider the following factors when resolving a motion for a sentence reduction: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed" to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant; (3) "the kinds of sentences available" under the U.S. Sentencing Guidelines; (4) "the kinds of sentence and the sentencing range established for" the offense; (5) "any pertinent policy statement"; (6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and (7) any need for restitution.

The Court acknowledges that the nature of the Defendant's offense was nonviolent; that Defendant grew up with difficult life circumstances, including facing abuse and bullying, dealing with mental health and substance abuse issues, and being hospitalized for close to a year; that

Defendant has made positive steps towards rehabilitation while incarcerated; and that Defendant would face a sentencing range of 77-96 months if sentenced without the ACCA enhancement. *See* Def.'s Mot. 18-23, ECF No. 102. However, the disparity in sentences here (15 years compared to a present-day range of 77-96 months) is much smaller than the disparities courts found necessary to remedy in other cases. *See, e.g.*, *Maumau*, 993 F.3d at 824 (55-year sentence reduced to time served, about 13 years); *McGee*, 992 F.3d at 1039 (life sentence reduced to 25 years). Further, Defendant has a long history of crimes, some involving violence (aggravated battery, aggravated assault, and auto burglary, to name a few). *See* Presentence Investigation Rep. ¶¶28-37, ECF No. 43. And while the Felon in Possession of a Firearm charge here was a nonviolent offense, Defendant was arrested as wanted fugitive for Trafficking Controlled Substances, Aggravated Battery Upon a Peace Officer (Deadly Weapon), Aggravated Battery Upon a Peace Officer (Deadly Weapon), Aggravated Fleeing a Law Officer and Conspiracy to Commit Trafficking of Controlled Substances. *Id.* ¶ 7 The sentence imposed promotes respect for the law and is just punishment for the offense committed. Further, given the Defendant's history of criminal activity, the sentence imposed is necessary to afford adequate deterrence and protect the public. Accordingly, a sentence reduction does not align with the Court's consideration of the § 3553(a) factors and Defendant is not entitled to relief under § 3582(c)(1)(A)(i).

### IV.   CONCLUSION

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant's *Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A)(i)* **(ECF No. 102)** is **DENIED**.

**SENIOR UNITED STATES DISTRICT JUDGE**